```
                    UNITED STATES DISTRICT COURT

                    WESTERN DISTRICT OF LOUISIANA

                          ALEXANDRIA DIVISION


EZEKIEL OLUFUNMILADE OSINOGO,       CIVIL ACTION NO. 1:13-CV-02981   d
         Petitioner

VERSUS                              U.S. DISTRICT JUDGE DRELL


DEPT. OF HOMELAND SECURITY,         U.S. MAGISTRATE JUDGE KIRK
         Respondent
```

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Ezekiel Olufunmilade Osinogo ("Osinogo") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 1, 2013.  Osinogo, a native and citizen of Nigeria, contests his continued detention since June 29, 2011, by the Department of Homeland Security, Customs and Immigration Enforcement ("ICE") pending his removal from the United States.  At the time of filing his petition, Osinogo was being detained in the LaSalle Detention Facility in Trout, Louisiana.  The sole relief requested by Osinogo is release from custody pending his removal, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).  Osinogo filed a motion for a preliminary injunction, asking for immediate release from custody pending review of his habeas application.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> "(b) A temporary restraining order may be granted without written or oral notice to the adverse party or that

party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

In order for Osinogo to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. <u>Piedmont Heights Civic Club, Inc. v. Moreland</u>, 637 F.2d 430 (5th Cir. 1981).

In the instant case, Osinogo has not alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition.  Indeed, he has not alleged any specific facts that show there is a substantial threat of irreparable injury to him if his requested injunction is not granted.  Therefore, Osinogo's request for a preliminary injunction ordering his release from custody pending review of his habeas application should be denied.

<u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that Osinogo's request for a preliminary injunction be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 20th day of November 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE